IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WAYNE C. TRETTER, 454975,      ) | |
|     Petitioner,      ) | |
| ) | |
| v.      ) | No. 3:12-CV-1802-M |
| ) | |
| SHERIFF AMADEO ORTIZ,      ) | |
|     Respondent.      ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

On May 31, 2012, Petitioner filed this petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Texas. Petitioner challenges a Dallas County conviction. The District Court for the Western District of Texas therefore transferred the petition to this Court.

Petitioner names Amadeo Ortiz, the Sheriff of Bexar County, as Respondent. Although Petitioner is currently in the Bexar County Jail, he challenges a 2009 Dallas County conviction in which he was sentenced to sixty years in the Texas Department of Criminal Justice ("TDCJ"). The Court finds Rick Thaler, Director of the TDCJ, is the proper Respondent for this petition. The Court therefore recommends that Rick Thaler be substituted as Respondent in this case.

**RECOMMENDATION**

This Court recommends that Rick Thaler be substituted as the Respondent in this petition.

Signed this 28th day of June, 2012.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).