IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WAYNE C. TRETTER, 454975,           )
       Petitioner,           )
            )
v.                                  )           No. 3:12-CV-1802-M
            )
WILLIAM STEPHENS,[1] Director, Texas )
Dept. Of Criminal Justice, Correctional )
Institutions Division,              )
       Respondent.           )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow.

**I.**     **Procedural Background**

Petitioner challenges his convictions for burglary of a habitation and burglary of a

building.  *State of Texas v. Wayne C. Tretter*, Nos. F-0760196-N and F-0774015-N (195th Jud.

Dist. Ct., Dallas County, Tex., Feb. 5, 2009).  On February 5, 2009, the Court sentenced

Petitioner to sixty years in prison for the burglary of a habitation case and ten years in prison for

the burglary of a building case, to be served concurrently.

On November 4, 2009, the Fifth District Court of Appeals affirmed the convictions and

sentences.  *Tretter v. State*, Nos. 05-09-00127-CR and 05-09-00128-CR (Tex. App. – Dallas

---

[1]On June 1, 2013, William Stephens replaced Rick Thaler as Director of TDCJ-CID.
Pursuant to Fed. R. Civ. P. 25(d), Stephens is automatically substituted as a party.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

Nov. 4, 2009, no pet.).  Petitioner filed untimely petitions for discretionary review.  *Tretter v. State*, PDR Nos. 1738-09, -10 (Tex. Crim. App. 2010).

On July 30, 2010, Petitioner filed two state habeas petitions.  *Ex parte Tretter*, Nos. 28,369-03, -04.  On February 15, 2012, the Court of Criminal Appeals denied the petitions without written order on the findings of the trial court.

On May 17, 2012, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254.  He argues:

1.     He received ineffective assistance of counsel that rendered his guilty pleas involuntary when:

  (a)     counsel failed to advise him of the consequences of his plea and told him he would receive a maximum sentence of thirty-five years;

  (b)     counsel violated his attorney-client privilege and failed to properly investigate the case and present a defense;

  (d)     counsel failed to adequately investigate Petitioner's mental health; and

2.     He was maliciously prosecuted by the state.

## II.   Discussion

## 1.   Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

  (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

       (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

       (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.**     **Guilty Plea**

Petitioner argues his guilty pleas were involuntary. Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5ᵗʰ Cir. 1994).

In this case, the record shows Petitioner enter his pleas freely and voluntarily. Petitioner stated he reviewed the indictments and enhancements with his attorney and that he understood the charges and punishment ranges. (Plea Tr. at 3-4, 7). He stated he understood there was no plea agreement in his cases and that his sentences would be decided by the judge. (*Id*. at 10). He

<u>**Findings, Conclusions and Recommendation**</u>
<u>**of the United States Magistrate Judge -Page 3**</u>

also stated he understood the punishment range for the burglary of a habitation offense was a minimum of twenty-five years in prison and a maximum of life in prison.  (*Id*.)  He stated he understood the punishment range on the burglary of a building offense was two to twenty years in prison.  (*Id*.)  He admitted he was pleading guilty to the charges and true to the enhancements because he was in fact guilty.  (*Id*. at 7, 8.)  He stated he was pleading guilty freely and voluntarily, and that he was satisfied with his counsel's performance.  (*Id*. at 6, 9.)  Petitioner has failed to show that he did not freely and voluntarily enter his guilty pleas.

**3.     Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688.   In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different

outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

    **(A)**    **Consequences of Plea**

    Petitioner claims his first attorney and his trial attorney were ineffective because they failed to advise him of the consequences of his guilty pleas. He states specifically that both counsel told him there was a plea agreement and that he would be sentenced to a maximum of thirty-five years in prison. Petitioner cites trial counsel's statements at the arraignment hearing stating:

| | |
|---|---|
| DEFENSE COUNSEL: | And Judge, may I put on the record at this time – and I've let the prosecutor know that Mr. Tretter has told me and he wanted me to tell the prosecutor and the Court that he would be willing to accept a 35-year sentence on this burglary of a habitation case.<br>Is that right Mr. Tretter? |
| PETITIONER: | Yes, sir. |
| DEFENSE COUNSEL: | Am I expressing your desire as accurately as you told me and wanted me to tell the Court and the district attorney? |
| PETITIONER: | Yes, sir. |

(Arr. Tr. Vol. 1 at 7-8.)

    These statements show that Petitioner was willing to accept a thirty-five year sentence on the burglary of a habitation case in exchange for his guilty plea. There is no evidence, however, that the state ever offered him a thirty-five year plea agreement. Instead, the record shows there was no plea agreement in this case. At the plea hearing, Petitioner stated he understood there was no plea agreement in his cases and that his sentences would be decided by the judge. (Plea

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

Tr. at 10.)  The court also stated on the record that there was no plea agreement in Petitioner's

cases.  (*Id*. at 11.)  Petitioner's claims should be denied.

**(B)     Waived Claims**

Plaintiff raises a number of ineffective assistance claims against both his first appointed

counsel and his trial counsel.  Petitioner claims his first defense counsel violated his attorney-

client privilege by allowing him to be interviewed about other offenses that occurred in San

Antonio, Texas.  He also claims his first counsel failed to provide his trial counsel with

documents.  Petitioner states his trial counsel failed to conduct a sufficient investigation of the

case by failing to interview witness, review evidence, and speak to his first attorney.

Claims of ineffective assistance of counsel are waived by a voluntary and intelligent

guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving

of the guilty plea."  *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).  Petitioner's claims do not

relate to the voluntariness of his guilty plea.  *See id.* (finding claims of ineffective assistance of

counsel for failure to review evidence, investigate witnesses or the legality of petitioner's arrest,

and failure to find flaws in the prosecution's case were non-jurisdictional and waived by valid

guilty plea); *see also, Wisener v. Thaler*, No. 4:09-CV-359-Y, 2010 WL 546738 at *4 (N.D. Tex.

Feb. 17, 2010) ("[T]o the extent [petitioner] complains that . . . trial counsel failed to conduct an

independent investigation into the facts of his case, to file pretrial motions, and to interview key

state witnesses on his behalf, matters unrelated to the voluntariness of his plea, the claims are

non-jurisdictional and are waived by the plea.") (citing *United States v. Broce*, 488 U.S. 563,

573-74 (1989)); *Walker v. Thaler*, No. 4:11-CV-776-, 2012 WL 426639 at *6 (N.D. Tex. Feb.

10, 2012) (finding valid guilty plea waived claims that counsel "failed to familiarize himself with the law of the case, investigate the prior felonies used to enhance petitioner's sentence, and file pretrial motions.").  These claims should therefore be denied.

### (C)    Competency

Petitioner claims his trial counsel was ineffective for failing to investigate Petitioner's mental health.  Petitioner states he was taking medication at the time of his pleas.

The test for determining competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam); *see also, Godinez v. Moran*, 509 U.S. 389, 398-99 (1993).   Because a state court's competency finding is presumed correct, a petitioner bears a heavy burden in contesting his competency during federal collateral review.  *DeVille v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994).

The record shows that defense counsel and the court were aware of Petitioner's medications.  The court stated:

| | |
|---|---|
| COURT: | For the record, the Court understands that the defendant has either been on or is presently on psychotropic medications while in the Dallas County Jail. |
| PETITIONER: | Solexis – |
| COURT: | Solexis, Thorazine and Salexa.  Is your client mentally competent at this time? |
| COUNSEL: | Yes, sir. |

(Plea Tr. at 5.)

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 7**

The record also shows Petitioner was coherent and responsive to questioning during his plea hearing.  Further, on state habeas review, defense counsel submitted an affidavit stating:

> At no time did I believe the Applicant was not competent to stand trial . . . . .
>
> My investigator and I also met with Affiant (sic) on October 24, 2008, January 30, 2009, and February 2, 2009, and on all occasions the Affiant (sic) was lucid – it was my belief that he understood the charges against him and was able to discuss them with me in a rational manner.  I believe he was competent to stand trial.

(*Ex parte Tretter* at 79-80.)  Petitioner has failed to show he was not competent or that his counsel was ineffective.

**4.   Malicious Prosecution**

Petitioner claims prosecutors maliciously prosecuted him by interviewing him regarding offenses that occurred in San Antonio.  He states investigators did not read him his *Miranda* rights before they interviewed him and did not immediately contact his attorney even though he asked for his attorney to be present during the interview.

A malicious prosecution case is typically brought as a civil rights violation under 42 U.S.C. § 1983.  Such a claim requires that the criminal prosecution terminated in the petitioner's favor.  *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  In this case, Petitioner cannot show that the criminal proceedings terminated in his favor.

Further, Petitioner has failed to show that the interview regarding the San Antonio offenses had any effect on the convictions he challenges in this petition.  The record shows that during the sentencing hearing, the prosecutor called San Antonio Detective Shawn Walsh to testify regarding a video-taped interview he conducted with Petitioner.  Defense counsel objected to the video-tapes, arguing they were obtained in violation of Petitioner's constitutional rights.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 8**

(Sent. Tr. at 27.)  After a recess, the prosecutor moved to strike Detective Walsh's testimony and withdrew its motion to admit the videotapes.  (*Id.* at 28-29.)  The court granted these motions. (*Id.* at 29.)  Therefore, none of the evidence regarding the San Antonio offenses was admitted for Petitioner's sentencing.  Petitioner's claim should be denied.

**5.      Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 10th  day of June, 2013.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 9**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).